**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VANESSA NAVARRO &**            Case Number: 8:22-cv-2944
**CLAUDIA VALENZUELA** ,

    **Plaintiff,**

**v.**

**BUCHO'S MEXICAN BAR & GRILL, LLC.,**
**TIBURCIO RAMIREZ,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiffs, Vanessa Navarro & Claudia Valenzuela, by and through their undersigned counsel, hereby bring this action for unpaid minimum wages against Defendant, Bucho's Mexican Bar & Grill, LLC. (hereinafter "Bucho's") and Defendant Tiburcio Ramirez (hereinafter "Ramirez"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and Florida's minimum Wage Act ("FMWA"). In support of their Complaint, Plaintiff states as follows:

## Parties

2. Plaintiffs reside in Hillsborough County, Florida.

3. Bucho's operates as a Mexican restaurant in Hillsborough County, Florida.

4. Defendant Bucho's operates bar and grill restaurant doing business as "Bucho's Mexican Bar & Grill, LLC."

5. Plaintiffs were employed by Bucho's as waitresses.

6. Ramirez directly hired Plaintiffs as waitresses for Bucho's.

7. Ramirez is the owner of Bucho's and directly managed Plaintiffs daily tasks and assignments.

8. Ramirez supervised Plaintiffs and created Plaintiffs' work schedules.

9. Ramirez owns other restaurants, including "Tienda y Restaurant Tequila" and assigned Plaintiffs to work in that location in addition to Bucho's.

10. Ramirez determined Plaintiffs' pay structure and approved Plaintiffs' timesheets.

11. Plaintiffs were also employed by Ramirez as waitresses.

12. Plaintiff Vanessa Navarro was employed by Defendants from approximately May 9, 2022, until July 2022.

13. Plaintiff Claudia Valenzuela was employed by Defendants from May 28, 2022, until July 2022.

## Jurisdiction

14. Bucho's is a business that owns and operates a dine in bar & grill restaurant in Hillsborough County, Florida.

15. Ramirez is the owner of Bucho's.

16. Ramirez hired and supervised Plaintiffs in Hillsborough County, Florida.

17. Bucho's employed Plaintiffs as waitresses in its restaurant in Hillsborough County, Florida.

18. Ramirez suffered and permitted Plaintiffs to work as waitresses in his Bucho's restaurant in Hillsborough County, Florida.

19. Ramirez suffered and permitted Plaintiffs to work as waitresses in his Tienda y Restaurant Tequila restaurant in Manatee County, Florida.

20. At all times during their employment, Plaintiffs were employed by Defendants as a non-exempt employee in Hillsborough County, Florida.

21. All events giving rise to this action occurred in Hillsborough County, Florida and Manatee County, Florida.

Facts

22. Plaintiffs were employed by Defendants as waitresses.

23. As waitresses, Plaintiffs' primary duties included greeting diners, taking their orders, communicating with members of the bar and kitchen about orders and carrying meals or beverages to the correct tables.

24. Defendants paid Plaintiffs on an hourly basis.

25. Plaintiffs were paid the below the minimum wage during majority of her employment with Defendants.

26. In 2022, Defendants paid Plaintiffs at a tipped rate of $5.63 per hour as opposed to Florida's tipped minimum wage of $6.98 per hour.

27. Ramirez determined and set Plaintiffs' pay rates.

28. Defendants often ordered Plaintiffs to perform non-tipped functions, such as cleaning, during times the restaurants were closed and there were no customers. However, Defendants paid Plaintiffs only $5.63 per hour when performing non-tipped functions as opposed to the appropriate minimum wage.

29. Plaintiffs had no opportunity to earn tips when performing duties for Defendants when the restaurant(s) were closed and there were no customers.

30. Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d).

31. Ramirez acted directly in the interest of Bucho's when Ramirez hired Plaintiffs, assigned duties to Plaintiffs, supervised and reviewed Plaintiffs work, and set Plaintiffs pay rates.

32. Ramirez suffered and permitted Plaintiffs to work when he directly assigned Plaintiffs to work in his restaurants (either Bucho's or Tequilas) on a daily or weekly basis.

33. Ramirez suffered and permitted Plaintiffs to work when he created Plaintiffs work schedule on behalf of Bucho's.

34. Ramirez, using his own discretion, set Plaintiffs' pay rate for working as waitresses at Bucho's.

35. Ramirez suffered and permitted Plaintiffs to work when he interviewed and hired Plaintiffs as waitresses to work at Bucho's.

36. At all times during Plaintiffs' employment, Plaintiffs were non-exempt employees to be paid on an hourly basis and not subject to any minimum exemptions or exceptions.

37. While Plaintiffs were employed by Defendant as waitresses, it was common for Ramirez to pay them $5.63 per hour, which is less than Florida's tipped minimum wage.

38. Additionally, Defendant did not pay Plaintiffs the minimum wage of at least $10.00 per hour during times the restaurant was slow and there were no customers for the Plaintiffs to earn their tips.

39. Instead, the Defendants often made Plaintiff's clean the restaurant when there were no customers, and still paid them under the minimum tipped wage, they were forced to clean the restaurant while being paid $5.63 per hour instead of $10.00 per hour.

40. During the entirety of Plaintiffs' employment Defendants maintained and enforced this practice.

41. Because Plaintiffs received $5.63 hourly wage during the majority of their employment, Defendants' deductions from Plaintiff's minimum wage pay and straight pay caused Plaintiffs to earn less than the tipped minimum wage.

42. Because Plaintiffs earned an $5.63 hourly wage, any deduction from her pay caused Plaintiff to earn less than the tipped minimum wage.

43. Defendant regularly and routinely deducted wages from Plaintiffs' pay, while Plaintiffs were earning $5.63 hourly wage, in order to cheat Plaintiffs of her earned wages. s

44. Defendants, therefore, caused Plaintiffs to earn less than the tipped minimum wage.

45. Plaintiffs were entitled to earn at least minimum wages for all hours worked for Defendants and hourly pay for all the hours they cleaned when the Defendant's restaurant was slow.

46. Plaintiffs were not paid at least the minimum wage for all hours worked for Defendant during their employment.

47. Defendant received a significant benefit from Plaintiffs' work and provision of services to Defendant and on Defendant's behalf.

48. Defendants engaged in an illegal policy of suffering and permitting Plaintiffs to work and did not pay Plaintiffs at least minimum wages for all hours worked in a single workweek during the times the restaurant was slow.

49. Specifically, Defendant preyed upon Plaintiffs, by extracting work from Plaintiffs without paying them at least the minimum wage.

50. Essentially, Defendant engaged in involuntary servitude of the Plaintiff.

51. Defendants failed to pay Plaintiffs at least minimum wages for all hours worked by Plaintiff during their employment with Defendant.

52. Defendants engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs at least minimum wages for all hours worked while employed by Defendants in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided.

53. Plaintiffs often performed work for Defendants at a rate well below the appropriate minimum wage.

54. As of this date, Plaintiffs still have not been paid the entirety of their wages and have not been compensated for the full extent of their damages and wage losses under the FLSA.

55. Plaintiffs seeks full compensation, including unpaid wages and unpaid minimum wages, liquidated damages, attorney's fees, and costs because Defendants' conduct in refusing to pay Plaintiff at least wages and minimum wages for all hours worked was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendants.

56. Defendants, at all relevant times to this complaint, was Plaintiffs' employers as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that the involved the restaurant industry and required Plaintiffs to

regularly communicate with out-of-state banking institutions by way of processing debit and credit cards.

57. This action is brought under the FLSA to recover from Defendants unpaid wages in the form of unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

58. The Court has jurisdiction over Plaintiffs' claims as material events transpired in Hillsborough and Manatee Counties, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

59. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiffs' experience with Ramirez, as well as the sheer size of Ramirez's restaurant conglomerate, suggests that Defendants are a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendants have an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

60. At all material times relevant to this action, Plaintiffs in their capacity were waitresses and were individually covered by the FLSA and the FMWA. The very essence of Plaintiffs' employment, using the internet to communicate with foreign banking institutions, required Plaintiffs to regularly engage in interstate commerce in the normal course and scope of their duties.

61. Plaintiffs did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

62. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during their employment.

63. Defendants are in exclusive possession of the majority of relevant records in this case, including payroll records, schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise amount owed to Plaintiff.

64. However, Plaintiffs allege that they routinely worked for Defendants at a rate less than the appropriate minimum wage.

65. Plaintiffs have been financially damaged by Defendants' failure to properly compensate Plaintiffs for all hours worked.

## **COUNT I – FLSA UNPAID MINIMUM WAGES**

66. Plaintiffs reincorporates and readopts all allegations contained in Paragraphs 1-65, above.

67. Plaintiffs were employed by Defendants as a non-exempt employees in Hillsborough County, Florida and Manatee County, Florida.

68. Plaintiff worked for Defendant in Hillsborough County, Florida and Manatee County, Florida.

69. Plaintiff was entitled to be at least minimum wages for all hours worked for Defendant.

70. Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all hours worked during her employment.

71. Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

72. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

73. Plaintiff demands a trial by jury.

## **COUNT II – FMWA UNPAID MINIMUM WAGES**

74. Plaintiffs reincorporates and readopts all allegations contained in Paragraphs 1-65, above.

75. Plaintiffs were employed by Defendants as a non-exempt employees in Hillsborough County, Florida and Manatee County, Florida.

76. Plaintiff worked for Defendant in Hillsborough County, Florida and Manatee County, Florida.

77. Plaintiff was entitled to be at least minimum wages for all hours worked for Defendant.

78. Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all hours worked during her employment.

79. Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

80. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

81. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the unpaid wages, unpaid minimum wages, unpaid minimum wages and liquidated damages, together with costs and attorney's fees pursuant to Florida's Minimum Wage Act and Federal Minimum wage under the FLSA, and such other further relief as this Court deems just and proper.

DATED this 28th day of December, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com